IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Adam McCoy, *et al.*, | : | |
| Plaintiffs, | : | Civil Action 2:10-cv-298 |
| v. | : | Judge Frost |
| Board of Education, Columbus City Schools, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

ORDER

Plaintiffs filed this action on April 7, 2010, alleging that a teacher at Winterset Elementary School inappropriately touched a student at that school. Plaintiffs, on behalf of the student, sued various defendants, including the teacher, principal, and superintendent of schools. They also named numerous John Doe teachers and administrators, whom they allege failed to properly supervise the teacher and/or protect the student.

Now before the Court is Plaintiffs' Motion to Amend the Complaint, Instanter, Pursuant to Fed. R. Civ. P. 15(c)(1)(A). (Doc. 61.) Plaintiffs state that on April 12, 2011, they took the deposition of John Tornes, director of certificated personnel at Defendant the Columbus City Schools. They aver that Tornes was "the man that held all the information", and was responsible for keeping and

1

maintaining investigative files on teachers' inappropriate or unprofessional behavior. They further allege that Tornes failed in his duty to take stronger disciplinary measures and to properly warn other school officials about the teacher's prior inappropriate actions. Plaintiffs state that their claims against Tornes relate back to the original pleading in this action, and request that the Court grant them leave to amend their complaint to substitute him in place of John Doe Defendant #1.

Defendants oppose this request, stating that it is untimely under the case schedule established in this action, which set a deadline of September 30, 2010 for motions to amend the pleadings. (Doc. 10.) They point out that Plaintiffs were aware of Mr. Tornes' identity and role as early as July 2010, because they identified him in their initial Fed. R. Civ. P. 26(a)(1) disclosures, that service upon Mr. Tornes would not be effected within 120 days of the filing of the original complaint as required by Fed. R. Civ. P. 4(m), and that joinder of Mr. Tornes at this point would be violative of Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii). Defendants further argue that joining Mr. Tornes after summary judgment motions have already been filed and fully briefed could cause considerable delay, due to the necessity of new discovery and new motions practice.

An untimely motion for leave to amend, such as this one, is considered to be a request under Fed. R. Civ. P. 16(b)(4) to modify the case schedule to *permit* such a motion. This rule does not provide for leave to be "freely" given, but rather that the case schedule itself be modified only "for good cause". *Leary v. Daeschner*, 349 F.3d

888, 909 (6th Cir. 2003). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, a court will adhere to the principle that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." *Deghand v. Wal-Mart Stores*, 904 F.Supp. 1218, 1221 (D. Kan. 1995). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001), citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiffs have not here shown good cause why the Court should modify its case schedule to permit requests to join new defendants. In their motion, Plaintiffs state:

> Defendants..., in their response to Plaintiffs' motion for summary judgment, have asserted that Plaintiffs failed to name certain John Does as Defendants who might have been "agents and employees" of the Board of Education/Columbus City Schools/Columbus Local School District at relevant times. Based on the deposition of John Tornes and the statements made by Defendants..., Plaintiffs now seek to amend their complaint to add John Tornes as a Defendant in this case.

(Doc. 61 at 3.) Plaintiffs elaborate in their reply memorandum:

> It was not until June 24, 2011, when Defendant CCS filed its response to Plaintiffs' Motion for Summary Judgment, that Plaintiffs learned that CCS apparently intended to defend by arguing that Plaintiffs

3

> sued persons and entities that could not be deemed responsible for the harm alleged in the Complaint, and by suggesting that Plaintiffs should have, but did not, sue John Tornes.  Thus, it was CCS' own position that forced Plaintiffs to conclude that naming Tornes as an additional defendant would be prudent or essential.

(Doc. 76 at 3.)  The Federal Rules of Civil Procedure recognize, and in some cases explicitly provide for, amendment to cure pleading defects which may be identified by the opposing party.  *See* Fed. Rs. Civ. P. 15(a)(1)(B); 19(a)(2).  Questions of litigation strategy, however, are not of themselves compelling reasons to grant untimely leave to amend.  That a plaintiff simply did not before realize the possible import of not joining a certain defendant is not a showing that, even with due diligence, he could not have met a scheduled deadline.

This case was filed over sixteen months ago.  Plaintiffs knew more than two months before the deadline for motions to amend that Mr. Tornes was a person of responsibility involved in the underlying incident.  His deposition, which Plaintiffs stated in part prompted their request, was taken three months before the filing of their motion for leave to amend.  Motions for summary judgment have been filed and fully briefed.  That Defendants made certain arguments on summary judgment which prompted Plaintiffs to reconsider the structure of their complaint is not sufficient reason to grant so belated a request, to expose Defendants or Mr. Tornes to the resulting prejudice, or to provoke a substantial disruption to the case schedule.

Plaintiffs' motion for leave to amend their complaint (Doc. 61) is **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.

4

and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
